UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AUGUSTE C. CORONA,

    Petitioner,

v.                                        CASE NO. 6:07-cv-1480-Orl-31GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 15).

      Petitioner alleges four claims for relief in his habeas petition: 1) trial counsel was ineffective for failing to conduct an independent investigation of the facts and circumstances surrounding the traffic stop and search; 2) trial counsel failed to consult with Petitioner regarding law enforcement's wiretap applications and a potential motion to suppress; 3) trial counsel was ineffective for failing to move to suppress Petitioner's

statements; and 4) trial counsel was ineffective for laboring under a conflict of interest.

I.    *Procedural History*

Petitioner and several other individuals were charged in a five-count amended information with the commission of various crimes. Petitioner was charged in counts one and two. A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of conspiracy to traffic in 28 grams or more of heroin (count one) and trafficking in 28 grams or more of heroin (count two) and sentenced him to imprisonment for a term of twenty-five years as to each count, with the sentences to run consecutively. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial except as to ground 9 of the motion, which related to Petitioner's assertion that he received a vindictive sentence. The case was remanded to the trial court, which subsequently entered an order denying claim nine. The state appellate court affirmed the denial *per curiam*.

II.   *Legal Standards*

A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.      *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v.*

---

court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

*Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.  **Analysis**

A.  *Claim One*

Petitioner avers that trial counsel was ineffective for failing to conduct an independent investigation of the facts and circumstances surrounding the traffic stop and search. This claim was raised in Petitioner's Rule 3.850 motion and was denied because of the following:

> Agent George Duke testified that the actual reason for the traffic stop was probable cause which had been developed via surveillance and wire. He conceded that the officers made up a traffic violation in order to avoid alerting Defendant to the existence of the wire. Therefore, as the State now argues, any perceived illegality regarding the traffic stop is a nullity. In other

words, it would have been irrelevant to investigate further the officers' reasons for the stop or the sequence of events, because the stop was not a significant issue in the case.

Appendix XII, Order Denying Motion for Postconviction Relief at 3 (citations omitted).

At trial, Agent George Duke testified that he had been investigating Petitioner and others with regard to heroin trafficking. Appendix II, Transcript of Trial at 178-80. The investigation included a wiretap surveillance. *Id.* at 181-83. Eventually, it was determined, based on information gathered from the wiretap, that Petitioner should be arrested; and, in an effort to prevent Petitioner from discovering the existence of the wiretap, Petitioner was arrested during a traffic stop. *Id.* at 199-201. In other words, the basis for the stop was a feigned traffic violation so as not to alert Petitioner to the existence of the wiretap.[3]

Under the circumstances, there was no reason to investigate the facts regarding the legality of the traffic stop since law enforcement had an independent basis for stopping and arresting Petitioner. Thus, counsel's performance with regard to this matter was not deficient, and there has been no showing of prejudice. Accordingly, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result,

---

[3]In fact, Petitioner was issued a citation for an improper window tint. *Id.* at 373, 387. A dog at the scene alerted to the presence of drugs in Petitioner's car. *Id.* at 395. Law enforcement subsequently searched Petitioner's vehicle, after obtaining permission from him to do so, and found heroin. *Id.* at 375-76, 388, 397. Petitioner was then arrested and placed in custody. *Id.* at 380. Petitioner has failed to demonstrate that the traffic stop and search of his vehicle were in any manner improper.

Petitioner is not entitled to federal habeas relief on this claim.

B.      *Claim Two*

Petitioner claims that trial counsel failed to consult with him regarding law enforcement's wiretap applications and a potential motion to suppress. This claim was raised in Petitioner's Rule 3.850 motion and was denied on the basis that Petitioner had failed to allege or establish facts demonstrating the existence of inaccuracies in the applications for the wiretaps.

Petitioner fails to present any evidence that there were any improprieties regarding the wiretap applications. Petitioner must provide evidence, not mere conclusory allegations, that counsel overlooked exculpatory information that an investigation would have revealed. *Barkauskas v. Lane,* 946 F.2d 1292, 1295 (7th Cir. 1991); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation). Petitioner has not identified any exculpatory evidence that counsel failed to locate, and his bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Therefore, there has been no showing that counsel's conduct was unreasonable with regard to this claim or that Petitioner suffered prejudice. Accordingly, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim in his Rule 3.850

motion.

C. *Claim Three*

Petitioner avers that trial counsel was ineffective for failing to move to suppress Petitioner's statements based on the lack of a voluntary and intelligent waiver of his *Miranda*[4] rights. Arguably, portions of this claim were raised in Petitioner's Rule 3.850 motion and were denied.[5]

Deputy Rafael Colon testified that, at the Sheriff's Office, he advised Petitioner of his *Miranda* rights; that Petitioner appeared to understand those rights; that he read those rights to Petitioner in Spanish; and that, thereafter, Petitioner stated that he wanted to speak with some agents from the Florida Department of Law Enforcement. Appendix II, Transcript of Trial at 380-81.

Agent Joseph Espanole testified that he, Agent Ortiz, and Officer Lathami spoke with Petitioner; that Petitioner stated that he had been read his *Miranda* rights; and that Petitioner stated that he wanted to speak with them. *Id.* at 423-26. Petitioner admitted that the drugs found belonged to him and that the drugs were heroin. *Id.* at 426.

Petitioner has failed to demonstrate that there were any grounds supporting a motion to suppress. In fact, the records supports the voluntariness of Petitioner's

---

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[5]To the extent this claim was not raised with the state courts, it is procedurally barred and, therefore, is denied.

confession. Thus, Petitioner has not shown that counsel was ineffective or that he sustained prejudice, and this claim is denied.

D. *Claim Four*

Petitioner claims that trial counsel was ineffective for laboring under a conflict of interest based on counsel's refusal to communicate with him and to investigate the facts presented to him. Arguably, portions of this claim were raised in Petitioner's Rule 3.850 motion and were denied.[6]

This claim centers around Petitioner's assertion that counsel did not reasonably investigate the traffic stop. As discussed above, there was no reason to investigate the facts regarding the legality of the traffic stop. Thus, Petitioner has not shown ineffective assistance of counsel with regard to this claim, and this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Auguste C. Corona is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly, and is directed to close this case.

---

[6] To the extent this claim was not raised with the state courts, it is procedurally barred and, therefore, is denied.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 6th day of November, 2009.

Copies to:
sa 11/6
Counsel of Record
Auguste C. Corona

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE